Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
November 2, 2004









Petition for Writ of Mandamus Dismissed and Memorandum
Opinion filed November 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00884-CV

____________

 

IN RE SEITEL, INC., Relator



 



 

ORIGINAL PROCEEDING

WRIT
OF MANDAMUS



 



 

M E M O R A N D U M   O
P I N I O N

On September 10, 2004, relator filed a
petition for writ of mandamus in this court. 
See Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In its petition, relator sought to have this
court direct the Honorable Susan Criss to set aside an order compelling
discovery signed on September 9, 2004.[1]  Relator claimed that the trial court abused
its discretion in ordering relator, a non-party to the litigation below, to
produce allegedly privileged documents concerning seismic testing in the
absence of proper service of a subpoena, notice of the hearing, or an opportunity
to present evidence of its claimed privilege. 
On September 10, 2004, we issued an order staying the trial court=s discovery order pending resolution
of this petition.  








Relator also filed a Motion to Quash, Motion for Protection
and Objections to Discovery under cause number 2004-48364 in the 189th District
Court in Harris County, Texas.  See
Tex. R. Civ. P. 176.6(e)
(permitting motion for protection from subpoena to be filed in county of
service of subpoena).  A hearing on the
motion was begun on September 8, 2004, and continued on September 13,
2004.  On September 15, 2004, the parties
dictated a rule 11 agreement concerning the discovery dispute into the
record.  On September 21, 2004, the
Houston court entered an order on relator=s motion, finding that the seismic
data sought to be produced was a trade secret, but that real parties had met
their burden to establish the materiality and necessity for the
information.  See In re
Bridgestone/Firestone, Inc., 106 S.W.3d 730, 732 (Tex. 2003); In re
Continental Gen. Tire, Inc., 979 S.W.2d 609, 612 (Tex. 1998) (holding trade
secrets may be ordered produced when discovery is Anecessary for a fair adjudication@). 
The court also entered a protective order to preserve the
confidentiality of relator=s trade secrets.  

The parties= rule 11 agreement and the September 21, 2004 orders from the
Houston court have superseded the September 9, 2004 order entered by the
Galveston court that is the subject of this proceeding.  The scope of the discovery sought and agreed
to be produced has been substantially modified from that  originally ordered.  Any subsequent dispute concerning production
of discovery in the underlying case must be resolved in a new proceeding.

Accordingly, we dismiss relator=s petition for writ of mandamus as
moot.  This court=s September 10, 2004 stay order is
vacated.

 

PER CURIAM

 

Petition
Dismissed and Memorandum Opinion filed November 2, 2004.

Panel consists of
Justices Anderson, Fowler and Seymore.

 

 











[1]  The underlying
suit is styled Sandra Adair, et al. v. Enron Corp., EOG Resources Inc.,
Veritas DGC Land Inc., Ameridian Technologies, Inc., St. Paul Fire & Marine
Insurance Co., J. Nichols & Company, LLC, City of League City and City of
Dickinson, under cause number 01CV1068, in the 212th District Court of
Galveston County, Texas.